IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD BREDAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 4707 ) |
| HOLLAND LADDER & MANUFACTURING COMPANY, a corporation, GREEN BULL, INC., a corporation, and BROCK TOOL COMPANY, a corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed 27 motions *in limine* and defendants have filed eight. Many are uncontested and, rather than describe them, we will refer to them only by number. Accordingly, we grant plaintiff's motions 3, 4, 10, 11, 12, 13, 14, 15, 19, 25, 26 and 27, and defendants' motions 3, 4, 5, 7 and 8. We now turn first to plaintiff's motions that are contested.

1. To refrain from suggesting that plaintiff failed to inspect and observe ladder defects because contributory negligence is not a defense to a product liability case predicated upon strict liability. Defendants counter with the argument that they are entitled to show that causes other than product defect, such as plaintiff's failure to inspect, were the cause of the injury. But plaintiff's failure to inspect did not cause the ladder to break and there is no dispute that the ladder did break. We agree with plaintiff that contributory negligence is not a defense and that defendants' contention that plaintiff's failure to inspect was the sole proximate cause of the accident lacks merit. Neither should be suggested to the jury. But we do believe that each party is entitled to introduce evidence of how he or it believes the accident

happened. For defendants, that means they can introduce evidence they believe shows that the ladder was already damaged at the time of its last use. Motion 1 is granted in part and denied in part.

2. To refrain from suggesting that pre-existing medical conditions caused plaintiff to fall because there is no evidence to support that contention. Defendants disagree, referring to the testimony of plaintiff, his doctor and their expert. We conclude that defendants have enough, although just barely, to make the argument (and plaintiff's pre-existing condition will be known to the jury in any event, as it is relevant to damages). We note, as well, that the legal effect of facts is the stuff of jury instructions. Motion 2 is denied.

3. To refrain from suggesting the consumption of alcohol or the use of any drugs or medications. The motion is granted with respect to alcohol. Defendants may introduce evidence of medication, as they bear on damages. Motion 5 is granted in part and denied in part.

4. To refrain from suggesting that some third person created a condition that caused the ladder to fail. Again, we conclude that defendants are entitled to present their theory as to how the accident happened, *i.e.*, that the ladder was already cracked and, when plaintiff fell against it, the step split. The legal effect of facts is, we repeat, the stuff of jury instructions, and we are not there yet. But we do not see how references to third persons are relevant to defendants' position. Motion 6 is granted.

5. To refrain from suggesting that the current condition of the ladder is due to tampering. Defendants may show that after the accident a piece of the step was still hanging to the step. Motion 7 is otherwise granted.

6. To refrain from suggesting that the alleged defect need be any more than one of a number of causes. Such a suggestion is contrary to law. Accordingly, Motion 8 is granted.

7. To refrain from suggesting that plaintiff's employer should have taken the ladder out of service. This is, in different guise, the same issue raised in motions 1 and 2. Defendants are entitled to present their factual theory which, as we understand it, is that plaintiff fell, causing a prior crack to become a fracture. We remain, however, unpersuaded that prior damage can be a sole proximate cause if the plaintiff was descending the ladder and did not fall. Motion 9 is granted in part and denied in part.

8. To refrain from suggesting that plaintiff has failed to mitigate his damages. Motion 16 is granted. The wages claim ends December 2, 2002. Defendants are entitled to argue about what injuries relate to the accident, but that has nothing to do with mitigation.

9. To refrain from suggesting that plaintiff is not entitled to recover for aggravation of a pre-existing condition. Motion 17 is granted. Defendants are free, of course, to contend that a pre-existing condition was not aggravated.

10. To refrain from suggesting that the condition of plaintiff's ankle after the fall was solely the result of pre-existing physical attributes. Motion 18 is, for now, denied. We must wait for what is established by the cross-examination of Dr. Butler, and we are also mindful of Seventh Circuit Civil Jury Instruction 1.21.

11. To refrain from commenting on plaintiff's failure to call a witness. We deny Motion 20 for now, without prejudice to its renewal in the event defendants claim some witness not available to them should have been called by plaintiff, but was not.

12. To refrain from suggesting on direct examination the contents of any record or report not otherwise in evidence, unless an expert testifies that he or she relied upon the contents. Motion 21 is, for now, denied, without prejudice to its renewal should an occasion arise during trial when it is or may be appropriate.

13. We deny Motion 22 for the same reasons.

14. We grant Motion 23 because neither party should be "instructing" the jury in that fashion. defendants (and plaintiff) may advise the jury about the burden of proof and its meaning in conformity with the standard civil instructions on the subject.

15. Motion 24 is granted for the same reasons.

Defendants have three contested motions *in limine.*

1. To exclude claim for lost wages. We limit the wage claim to the period November 1, 2002 to December 2, 2002. Plaintiff seeks no more and it is apparently undisputed that plaintiff was off work for that period due to the accident. We assume defendants are aware of plaintiff's wage rate, or, if not, they are entitled to be so advised.

2. To exclude Stillman's 1977 memoranda. Motion 2 is granted in part and denied in part. The jury is entitled to know that step protrusion and nail placement have been subjects of discussion in the industry for 30 years, that Stillman then believed, and still believes, that the standard should provide for nail placement not near the edge of steps and that steps should project less than what was the common practice, and that he then agreed and still agrees with suggestions of some in the industry of nail placement at least ½ inch from the edges and step projection which, for the ladder involved here, would be no more than 3/8 inch, but they did not carry the day. We agree with defendants that the specific response should be excluded, as we do not know who had what "findings."

3. To bar reference to post-manufacture alternative designs. Motion 6 is granted in part and denied in part. Defendants concede that a design for steps protruding to the rear was feasible at the time. Evidence of that design may, therefore, be introduced.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

July 30, 2007.